IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARYLYN G. WARREN | § | |
| | § | |
| v. | § | C.A. NO. C-05-293 |
| | § | |
| FARM SERVICE AGENCY, USDA | § | |

**MEMORANDUM AND RECOMMENDATION TO
DISMISS PLAINTIFF'S APPEAL OF AN ADMINISTRATIVE DECISION**

Plaintiff, Marylyn G. Warren, appeals an administrative decision by defendant, Farm Service Agency. (D.E. 1). For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's appeal of the administrative decision for failure to prosecute her claims.

### I. BACKGROUND

Plaintiff sought to proceed in forma pauperis in this appeal because she asserted that she could not afford the $250 filing fee. United States Magistrate Judge B. Janice Ellington issued an order allowing plaintiff to file her complaint without prepaying the filing fee. Warren v. U.S. Dep't of Agric. Fed. Serv. Agency, No. C-05mc41 (Order dated June 10, 2005). Plaintiff was required to pay the filing fee in ten monthly installments of $25 on the tenth of each month. Id. If she was unable to pay the $25 in a given month, plaintiff was required to file an affidavit explaining why she could not make the payment. Id.

Plaintiff made her July 2005 payment, albeit late, on July 18, 2005.  She timely made her August 2005 and October 2005 payments.  She did not make a payment in September 2005, nor has she made a payment since October 2005.  Moreover, she has never filed an affidavit explaining any of these failures to make the payment.

Additionally, plaintiff has failed to properly effect service on defendant.  <u>See</u> Fed. R. Civ. P. 4(i).  First, plaintiff never attempted to serve the Attorney General of the United States.  <u>See</u> Fed. R. Civ. P. 4(i)(1)(B).  Second, the summons and complaint were returned unexecuted as to agency.  (D.E. 5); <u>see also</u> Fed. R. Civ. P. 4(i)(1)(C).  Third, it does not appear that the United States Attorney was properly served.  (D.E. 4); <u>see also</u> Fed. R. Civ. P. 4(i)(1)(A) (service is properly made "by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney").

On January 27, 2006, an order to show cause was issued instructing plaintiff to explain why her appeal of the administrative decision should not be dismissed for want of prosecution.  (D.E. 6).  On February 22, 2006, plaintiff filed a suggestion of bankruptcy.  (D.E. 7). Specifically, this filing indicated that "plaintiff is currently involved in a Bankruptcy Chapter 13 case, which carries with

it certain repercussions for cases in other courts (Cause No. 05-20487-C-13), including an automatic stay, and therefore should have the current case abated until plaintiffs [sic] emerge from Chapter 13 Bankruptcy." Id.

## II.  DISCUSSION

Plaintiff's response to the order to show cause is inadequate for two reasons. First, plaintiff's bankruptcy action was dismissed by the bankruptcy court on February 17, 2006. In re Warren, No. 05-20487 (Bankr. S.D. Tex. Feb. 17, 2006) (order dismissing Chapter 13 case). Evidently, plaintiff's bankruptcy action no longer exists. Therefore, even if an automatic stay were required, it would be inappropriate in this case.

Second, the bankruptcy code creates an automatic stay for a variety of actions against the debtor or her property or estate. See 11 U.S.C. § 362(a)(1). Of course, this appeal of an administrative decision was filed by plaintiff as opposed to against her. The Fifth Circuit has determined that "[t]he automatic stay of the Bankruptcy Code extends only to actions 'against the debtor.'" In re United States Abatement Corp., 39 F.3d 563, 568 (5th Cir. 1994) (citing 11 U.S.C. § 362(a)). Other appellate courts have ruled that an automatic stay is inapplicable to an action brought by the debtor. Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); Carley Capital Group v. Firemen's Fund Ins. Co.,

889 F.2d 1126, 1127 (D.C. Cir. 1989) (per curiam). Therefore, plaintiff's appeal of the administrative decision would not qualify for an automatic stay even if her bankruptcy action had not been dismissed.

Because plaintiff's response to the order to show cause is inadequate, it is necessary next to address whether plaintiff's appeal of the administrative decision should be dismissed. An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding districts courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts.'" Martinez, 104 F.3d at 772 (citation omitted).

It appears that plaintiff has both abandoned this lawsuit and failed to comply with orders of this Court. Plaintiff's appeal of the administrative decision cannot go forward without paying the requisite filing fee. Similarly, her appeal cannot proceed in light of her refusal to properly serve the government. It is therefore respectfully recommended that the Court dismiss plaintiff's appeal of the administrative decision for failure to prosecute his claims.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's appeal of the administrative decision for failure to prosecute.

Respectfully submitted this 24th day of February 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).